IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **TWYNETTE SOLOMON,** § | | |
| **Plaintiff,** § | | |
| v. § | | **CIVIL ACTION NO.:** |
| § | | |
| **DURHAM D&M, LLC,** § | | |
| **Defendant.** § | | **JURY DEMAND** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Twynette Solomon ("Plaintiff"), complaining of and about Durham D&M, LLC, ("Defendant" or "Durham"), and for cause of action shows unto the Court the following:

## PARTIES & SERVICE

1. Plaintiff is Twynette Solomon, a citizen of Texas, with a residential address in this District of 1209 Shalimar Drive, Fort Worth, TX 76131.

2. Defendant Durham D&M LLC, a wholly owned subsidiary, upon information and belief, of Durham School Services, LP, headquartered in Lisle, Illinois, has a registered agent in Texas for Service of Process of CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4), because Plaintiff asserts federal civil rights claims under Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e et seq and the Age Discrimination in Employment Act, 29 U.S.C. § 623 et seq. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

4. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the federal and state claims occurred in this district.

5.      The nature of the Action is to correct unlawful discriminatory practices by Defendant against Plaintiff, based on her Race and Age, in violation of Federal and Texas law.

## CONDITIONS PRECEDENT

6.      All conditions precedent to jurisdiction have occurred or with which have been complied. A charge of discrimination was filed by Plaintiff with the Texas Workforce Commission on May 15, 2019, within three-hundred days of the acts complained of herein, and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter which was received by Plaintiff and Counsel on April 7, 2021.

## PLAINTIFF'S FACTUAL ALLEGATIONS

7.      Twynette Solomon ("Plaintiff") began her employment with Durham D&M, LLC during October 2014.

8.      Plaintiff, who has a history of no accidents and a clean employee file, was assigned Regular Route #70.

9.       During June 2018, Plaintiff also started additional work in the Office as a Dispatcher.

10.     General Manager Brad Kerrigan ("Kerrigan") started in July of 2018. Kerrigan came from management at JCPenney, without any managerial experience in transportation or in the school bus transportation industry.

11.     In September 2018, Kerrigan, without explanation, removed Plaintiff from her job as Dispatcher and hired a Caucasian woman, Ashley Roberts, age 24, to replace Plaintiff in the Office as Dispatcher.

12.     Plaintiff was the only African American woman in the office at that time. The move from Dispatcher caused a huge deduction in hours for Plaintiff, but Defendant did not give Plaintiff the option of matching the hours.

13. Plaintiff was then reassigned to the McKinney Vento Route, for displaced families, with federal funding for that Route.

14. Plaintiff was only allowed to ride the route and meet the students with the regular driver for 2 days. This Route travels all over the DFW Metroplex on the Toll Express and includes many freeways and city streets. Thus, this Route was very different than a regular school bus route, and very difficult to learn and navigate. Plaintiff requested more training for the route.

15. In February of 2019, Kerrigan called Plaintiff into the office and wrote her up for allegedly speeding. This was Plaintiff's first write-up. During the meeting, Plaintiff told Kerrigan that her seatbelt was malfunctioning and creating challenges for driving the bus.

16. Plaintiff went to the Regional Manager William Adames ("Adames") and explained the issues and her history of no disciplinary actions since her employment with Durham. Adames downgraded the written warning to a verbal warning.

17. On Wednesday February 20, 2019, Plaintiff was again notified to see Kerrigan and Safety Supervisor Karla Alvarez, in Kerrigan's Office.

18. During the meeting, Plaintiff was issued a written warning for allegedly driving on the highway at a speed of 63 mph and allegedly not wearing a seat belt. During the meeting, for the very first time Plaintiff was told by GM Kerrigan and Karla that a school bus is not to go over 60 mph on the highway.

19. Plaintiff responded that the write-up was not fair because she had not been told that a bus could not go over 60 miles an hour on the highway. Plaintiff also explained that she was wearing the seatbelt, and that she had been complaining to Karla in writing about the seat belt catching around her neck. She further explained that no repairs had yet been made to the seat belt, despite her repeated requests.

20. Plaintiff asked why she was just now being informed about the 60-miles-an-hour speed limit on the highway, and why the bus did not have a Governor to prevent it from going over 60 miles an hour. She also asked when she could get the training she had been requesting for the route.

21. Plaintiff asked Kerrigan for a copy of the write-up, but he declined to give her a copy. Kerrigan said he did not know if he could give Plaintiff a copy and that he would ask management if he could.

22. Plaintiff then requested that the written warning be removed from her file because she had not been properly trained, despite her requests for training, and because her seat belt was still malfunctioning.

23. Kerrigan shortly thereafter summoned Plaintiff to his office (again in February 2019) and informed Plaintiff that she was no longer able to do field trips or any extra work because the Company could no longer afford to pay overtime. Plaintiff said she was being discriminated against because other non-African American employees were allowed to receive overtime pay, including Martha, a white female.

24. In April 2019, Sandi Downing's route was increased and she was able to work overtime. Downing was a 38-year-old white female.

25. Then, approximately three weeks before the end of school Kerrigan pulled Plaintiff off her route because she had pulled the bus over and powered her bus off to stay safe during a tornado. Plaintiff had taken shelter at a Chicken Express restaurant on East Chase Parkway.

26. On May 1, 2019, a younger, less experienced, white driver, Geydi Lopez was given the precise route from which Plaintiff was removed.

27. Kerrigan then assigned Plaintiff to a Route #89 which was only a 10-hour-per-week route, which Plaintiff drove for the last three weeks of school.

28. On May 15, 2019, while she was working the 10-hour-per-week route that no school bus driver could live on, Plaintiff filed the Charge of Discrimination with the Texas Workforce Commission.

29. At the end of that school year (2018-2019) Durham D&M LLC lost its Contract with Keller Independent School District, and, as a result, Plaintiff never worked for Defendant again.

30. Plaintiff throughout her employment with Durham School Services, LLC always aspired to be a success. She remains disappointed that she was discriminated against on the basis of her race and age and has suffered damages as the result of the adverse employment actions taken against her.

## RESPONDEAT SUPERIOR AND RATIFICATION

31. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## COUNT ONE - EMPLOYMENT DISCRIMINATION BASED ON RACE – TITLE VII

32. All preceding paragraphs are incorporated herein as if fully set forth at length.

33. Defendant Durham D&M LLC, and its employees, intentionally engaged in unlawful employment discrimination against Plaintiff because of her race (African American) by demoting her and constructively terminating her and replacing her with white workers. Plaintiff is a member of a protected class; she was eminently qualified for her positions. including her position as Office Dispatcher; she suffered adverse employment actions; and the adverse actions occurred under

circumstances giving rise to an inference of racial discrimination, based on her protected status of African American.

34. Plaintiff has suffered damages as the result of the discrimination against her based on her race.

## COUNT TWO - VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

35. All preceding paragraphs are incorporated herein as if fully set forth at length.

36. Plaintiff was over forty years old; she was terminated from her position on the basis of her age; she was qualified for her position; Defendant retained younger employees in the same position and/or otherwise discriminated against Plaintiff on the basis of her age.

## COUNT THREE - VIOLATION OF TEXAS LABOR CODE - CHAPTER 21
## (RACE AND AGE DISCRIMINATION)

37. All preceding paragraphs are incorporated herein as if fully set forth at length.

38. Plaintiff was over forty years old; she was qualified for her position; she was terminated from her position; the position was filled with an employee younger than Plaintiff, and Plaintiff was otherwise discriminated against on the basis of her age.

39. Plaintiff is also a member of another protected class; African American; she was eminently qualified for her positions, including her position as Office Dispatcher; she suffered adverse employment actions; and, the adverse actions occurred under circumstances giving rise to an inference of racial discrimination, based on her protected racial class of African American.

## COUNT FOUR - HOSTILE WORK ENVIRONMENT

40. All preceding paragraphs are incorporated herein as if fully set forth at length.

41. Plaintiff is a member of a Protected Classes (Over 40 years old and African American); she was subjected to unwelcome harassment in being demoted and repeatedly called into Kerrigan's office for bogus discipline; the harassment was based on her Protected Classes; the harassment affected a "term, condition, or privilege" of her employment; and; the employer knew or should have known of the harassment and failed to take prompt remedial action to prevent it.

42. Plaintiff has suffered damages as a result.

### COUNT FIVE - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. All preceding paragraphs are incorporated herein as if fully set forth at length.

44. Defendant acted intentionally or recklessly in that Defendant's conduct was extreme and outrageous, that conduct caused Plaintiff emotional distress, and the emotional distress suffered by Plaintiff was severe.

### DAMAGES

Plaintiff prays for the following:

a. All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

b. All reasonable and necessary costs incurred in pursuit of this suit;

c. Emotional pain;

d. Expert fees as the Court deems appropriate;

e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

f. Prejudgment interest;

g. Loss of enjoyment of life;

h. Mental anguish in the past;

i. Mental anguish in the future;

j. Loss of earnings in the past;

k. Loss of earning capacity which will, in all probability, be incurred in the future;

l. Loss of benefits:

m. Jury Trial Demanded.

### EXEMPLARY DAMAGES

Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order

to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

**PRAYER WHEREFORE, PREMISES CONSIDERED:**

Plaintiff Tywnette Solomon respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Renea Overstreet
Texas Bar No. 24066704
E-Mail: rdolaw@gmail.com
2100 N. Main Street, Suite 228
Fort Worth, Texas 76164
Tel. (817) 810-9747
Fax. (1-855) 299-5593
Attorney for Plaintiff Twynette Solomon

Dated: June 28, 2021